# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

TIMOTHY B. MARTIN,

                                  Plaintiff,

                      v.

ST. CAMILLUS, et al.,

                                  Defendants.

5:17-CV-70
(LEK/ATB)

---

TIMOTHY B. MARTIN, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court five civil rights complaints filed in one action. (Dkt. Nos. 1 – 1-4). Each of the separate complaints is purportedly brought pursuant to a different civil rights statute: 42 U.S.C. § 1983 (Dkt. No. 1); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Dkt. No. 1-1); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") (Dkt. No. 1-2); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 (Dkt. No. 1-3); and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(c)(1) (Dkt. No. 1-4). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of the entire action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and will deny appointment of counsel

# I.  In Forma Pauperis ("IFP") Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee.  The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Facts</u>

Only two of the five complaints actually contain facts from which the court can attempt to glean a claim.[1] (Dkt. No. 1, 1-3). Plaintiff may have been confused when he was given a variety of form-complaints from which to choose and believed that he was required to fill out all of the documents. The court has read all five complaints and will attempt to determine what, if any, claim or claims the plaintiff may be trying to raise.

Plaintiff worked for St. Camillus[2] and alleges that one "morning,"[3] he went to work, and even though he was scheduled to work, he was told to go home because the center was "overstaffed." (Dkt. No. 1 - § 1983 Complaint ("1983 Compl.") ¶ 4).

---

[1] The court will interpret the plaintiff's claims to raise the strongest arguments that they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[2] The Centers at St. Camillus is a non-denominational, not-for-profit rehabilitation/long-term care center, offering various types of rehabilitation, long-term care, and day programs. http://www. st-camillus.org.

[3] There is no date listed for when the incident that forms the basis of plaintiff's allegations occurred.

Plaintiff stated that he told defendant "Rob" that plaintiff could stay until 10:00 a.m. Another individual named "Mary" told plaintiff to stay, but plaintiff told her he could not stay. Then "Mary" told plaintiff he had to stay, and someone named "Gary" told plaintiff to hand in his identification, and that he was being fired for "walking off the job." (*Id.* & Title VII Compl. § 8). Plaintiff states that he went a "meeting" about his job, and the "head supervisor" also explained that plaintiff was fired for walking off the job. (Title VII Compl. ¶ 15). Plaintiff states that he went to "Human Rights" the "same day" and filed a claim.

Two of the other complaints simply indicate that plaintiff was "terminated" from his employment, with no other factual description relating to the type of discrimination that is listed on the first page of the form complaint. (ADA Compl. ¶ 5; ADEA Compl. ¶ 6). Plaintiff has only filed the first page of the *Bivens* complaint which contains no facts at all. (Bivens Compl.) In his ADA complaint, plaintiff states that he only wants money, and he specifically does not want reinstatement to his job at St. Camillus.[4] (ADA Compl. ¶ 4).

### III.  Bases for Plaintiff's Allegations

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, plaintiff has brought "federal question" claims, and the court will discuss whether plaintiff states a

---

[4] According to plaintiff's motion for IFP status, plaintiff is currently employed at another facility. (Dkt. No. 2).

claim under any of the statues that he cites or under *Bivens*.

## A. Title VII

### 1. Legal Standards

Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of the individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under Title VII, plaintiff must show that he was a member of a protected class, he was qualified for the position, he suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001). In addition, individuals are not subject to liability under Title VII; thus, to the extent that plaintiff raises Title VII claims (including any retaliation claims), they may not be brought against the individual defendants. *Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)).

### 2. Application

In the Title VII complaint, plaintiff states that he was fired for "walking off the job." (Title VII Compl. ¶ 8). Plaintiff appears to believe that defendant violated Title VII because there was some confusion over whether plaintiff was required to work on a particular day. Plaintiff seems to allege that he was told to work after he told another person that he was leaving. Plaintiff alleges that he was "terminated," and was subject to "unequal terms of employment," but has cited no *discriminatory* basis for the

defendant's action. (Title VII Compl. ¶¶ 4, 6, 7). Plaintiff has not stated that he is a member of any protected class or that he was terminated under circumstances giving rise to a discriminatory intent. In the section of the complaint in which it asks how the defendant's conduct is discriminatory, he has checked "other" and has written - "Human Rights" in the blank space. (Title VII Compl. ¶ 6). The spaces next to "race," "religion," "sex or (sexual harassment)," "national origin," or "pregnancy" have all been left blank. Plaintiff has alleged only that he was told he was fired for walking off the job, and has stated no "discriminatory" basis for the termination. Thus, plaintiff has failed to state a claim under Title VII.[5]

## B. ADA

### 1. Legal Standards

The ADA provides for protection against discrimination based upon disability. 42 U.S.C. § 12101 *et seq.* Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). The only section of the ADA that could conceivably apply to plaintiff's claims is Title II. 42 U.S.C. § 12182. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

---

[5] The court also notes that plaintiff states that he filed charges with the New York State Division of Human Rights or Equal Employment Opportunity Commission on July 24, 2016, and that he received a "Right-to-Sue letter" on January 18, 2017. (Title VII Compl. ¶¶ 10, 11). Although the form-complaint indicates that a copy of the Right-to-Sue letter is "attached," plaintiff has not attached the letter to which he refers.

entity." *Id*.

### 2. Application

Plaintiff does not allege that he is disabled, nor does he allege that he was terminated because of a disability. Thus, plaintiff has failed to state a claim under the ADA.

### C. *Bivens*

### 1. Legal Standards

*Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of *federal* law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions).

### 2. Application

Plaintiff has sued St. Camillus, a not-for-profit, private organization that provides rehabilitative services. There is no indiction that St. Camillus acts under "color of federal law," and there is no indication that plaintiff is alleging a violation of a constitutional right. Thus, plaintiff does not state a *Bivens* claim.

### D. 42 U.S.C. § 1983

### 1. Legal Standards

Section 1983 provides a cause of action for individuals who have had their constitutional or federal rights violated by a defendant acting under color of state law. 42 U.S.C. § 1983. Section 1983 is based upon an underlying violation of a constitutional right and does not provide a right of action in itself. *See Singer v. Fulton*

7

*County Sheriff*, 63 F.3d 110, 119 (2d Cir. 2010) ("Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source.") "'[T]he first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed.'" *Valez v. City of New York*, No. 08 Civ. 3875, 2010 WL 1460703 at *2 (S.D.N.Y. Apr. 12, 2010) (quoting *Pabon v. Wright*, 459 F.3d 241, 252-53 (2d Cir. 2006) (citation omitted)).

### 2. Application

Plaintiff has failed to identify any discriminatory basis for the defendants' actions and has failed to identify any constitutional right that was allegedly violated by the defendants. In addition, plaintiff has failed to allege that St. Camillus acts under color of state law or conspired with any state actor in relation to plaintiff's termination. Clearly, plaintiff believes that he should not have been fired for leaving the job, and defendant disagreed, causing plaintiff to be terminated from his position. Plaintiff does not state a claim under section 1983.

### E. Age Discrimination

### 1. Legal Standards

Under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 et seq., the standard is similar to that under Title VII. *Cargian*, 2016 WL 5867445 at *3. Under the ADEA, the plaintiff must show that he belonged to a protected class, he was qualified for the position that he held or that he sought, he suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to the inference of discriminatory intent. *Id.* (quoting *Brown v. City of*

*Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)).

## B.    Application

Unfortunately for plaintiff in this case, the ADEA "protected class" begins at age 40. 29 U.S.C. § 631(a) ("the prohibitions in this chapter shall be limited to individuals who are at least 40 years of age). Plaintiff asserts that he was only 31 years old at the time of the incident, so he cannot meet the first requirement for protection under the ADEA, and to the extent that he is now trying to raise a claim of age discrimination, any such claim must be dismissed.

## IV.   **Appointment of Counsel**

### A.    **Legal Standards**

There is no bright-line test for determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). A number of factors must be carefully considered by the court in ruling upon the motion. The court must first assess whether the indigent's claims seem likely to be of substance. If so, the court then considers:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Each case must be decided

on its own facts, and the court may consider any or all of the above factors in its determination. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

Plaintiff's claims can yet be made, as he has, so far, failed to plead a viable claim. Based upon a thorough review of the complaints, it is unlikely that any of plaintiff's claims have substance; and thus, he does not meet the first requirement for appointment of counsel. In addition, plaintiff has not properly completed his motion for appointment of counsel. There is no indication that plaintiff has consulted any attorneys about taking his case pro bono or on a contingency basis, which is a requirement that plaintiff must fulfil prior to filing a motion with the court. Plaintiff has left that portion of the application blank. (Dkt. No. 2). In fact, other than plaintiff's signature, he has failed to complete any portion of the form-application. Therefore, plaintiff's request for counsel is denied.

## V. <u>Opportunity to Amend</u>

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

**B. Application**

In this case, clearly, plaintiff will never be able to state an ADEA, *Bivens*, or section 1983 claim because no amendment will be able to change the fact that he was not old enough or the St. Camillus is neither a state nor a federal actor for purposes of section 1983 or *Bivens*. Plaintiff is clearly complaining about one incident, and there is no allegation that defendant "conspired" with a state or federal actor sufficient to confer jurisdiction under *Bivens* or section 1983. Thus, these claims must be dismissed with prejudice. Plaintiff has also failed to allege that he is disabled for purposes of the ADA, and it does not appear that he even wishes to make this claim. Thus, any ADA claim must be dismissed with prejudice.

Finally, plaintiff has failed to state a claim under Title VII, and it is clear from the form complaint that he does not allege discrimination based upon any of the protected classes listed. His statement that the basis for his claim is "Human Rights" does not indicate that he belongs to a protected class or that the defendant's actions were based upon impermissible discrimination. Thus, the court will recommend dismissal with prejudice as to all of plaintiff's asserted bases for his action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is

**DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 31, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge